UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                            5:09-CR-394 (GTS)

RENE SOLIS CRUZ,
                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. ANDREW T. BAXTER<br>Acting United States Attorney for the<br>Northern District of New York<br>  Counsel for the Government<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | LISA M. FLETCHER, ESQ.<br>Assistant United States Attorney |
| HON. ALEXANDER BUNIN, ESQ.<br>Federal Public Defender for the<br>Northern District of New York<br>  Counsel for Defendant<br>4 Clinton Exchange, 3d Floor<br>Syracuse, NY 13260 | LISA A PEEBLES, ESQ.<br>Assistant Federal Public Defender |

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Rene Solis Cruz ("Cruz") has moved to dismiss the indictment charging him with failing to register or update his registration as a sex offender in violation of 18 U.S.C. § 2250, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq*. (Dkt. No. 9.) The Government has opposed Cruz's motion, and has cross-moved for reciprocal discovery. (Dkt. No. 11.) For the reasons set forth below, the Court denies Cruz's motion, and reserves decision on the Government's cross-motion pending the receipt of response papers from Cruz.

**I.     BACKGROUND**

None of the issues in Cruz's motion to dismiss involve any factual disputes.  Rather, the issues raised by Cruz are solely constitutional challenges to SORNA's applicability to him.  Thus, the Court will only briefly discuss the facts in this case.

On August 2, 2000, Cruz plead guilty to one count of attempted rape in the first degree, in violation of New York Penal Law §§ 110.00, 130.35(1), and was sentenced to a seven-year term of imprisonment.  (Dkt. No. 9, Part 2, at 6.)  On September 1, 2006, before he was released from state prison, Cruz appeared before Hon. William F. Ames of Cortland County, who determined Cruz to be a risk level two (2) sex offender, and classified him as a sexually violent offender.

On September 11, 2006, while still incarcerated at Attica Correctional Facility in Attica, New York, Cruz signed a New York State Sex Offender Registration Form, which notified Cruz that, due to his designation as a sex offender, he has certain legal obligations, including compliance with delineated registration requirements.  (Dkt. No. 11, Part 1, at 3-4.)  By signing this Registration Form, Cruz effectively registered himself in New York State as a sex offender.  (Dkt. No. 9, Part 2, at 6.)

On September 12, 2006 Cruz was released from state prison.  (Dkt. No. 11, Part 1, at 3-4.)  On September 13, 2006, Cruz filed with the Division of Criminal Justice Services ("DCJS") a Sex Offender Change of Address Form, indicating his address in Syracuse, New York.  (Dkt. No. 11, Part 1, at 3-4.)  On October 31, 2006, another change of address form was filed on Cruz's behalf by New York State Parole Officer Jay Moss, notifying DCJS that Cruz was incarcerated at the Onondaga County Correctional Facility.  (*Id.*)  Thereafter, as a result of a

parole violation, Cruz was transferred to Downstate Correctional Facility. (*Id*.) On January 12, 2007, Cruz signed a Sex Offender Change of Address Form notifying DCJS of his change of address. (*Id*.)

On September 18, 2008, before his release on the parole violation, Cruz executed another Sex Offender Change of Address Form, indicating the Syracuse address where he intended to reside upon his release from Altona Correctional Facility. (*Id*.; Dkt. No. 9, Part 2, at 6.) This was the last change-of-address form Cruz filed with DCJS. (Dkt. No. 11, Part 1, at 3-4.)

On October 31, 2008, Cruz was re-paroled. (Dkt. No. 11, Part 1, at 4-5.) On March 31, 2009, Cruz left his approved residence without the authorization of his Parole Officer. (*Id*.) On June 25, 2009, Cruz was arrested in Reading, Pennsylvania, pursuant to a New York State parole warrant. (Dkt. No. 9, Part 2, at 6.)

Following his arrest, Cruz told law enforcement officers that he had gone to Pennsylvania on June 8, 2009, to visit family, and that he had not registered as a sex offender nor notified anyone of his change of address. (*Id*.; Dkt. No. 11, Part 1, at 5.)

On June 27, 2009, Cruz was returned to New York State. (Dkt. No. 11, Part 1, at 5.) On the return trip, Cruz made statements to New York State Parole Officer Cliff Cuda admitting that he traveled from Geneva, New York, to Reading, Pennsylvania, exactly two weeks before his being arrested on June 24, 2009, and that he did not register this change with DCJS, or notify the sex offender registry in Pennsylvania of his change of residence because he did not want to get caught. (*Id*.) The Pennsylvania State Police confirmed that Cruz did not register with them. (*Id*.)

On July 23, 2009, a grand jury returned an indictment, charging Cruz with one count of failing to register from in or about April 2009 to June 2009. (Dkt. No. 9, Part 2, at 6-7.)

Cruz's motion dismiss the indictment is based on four grounds: (1) to punish Cruz for a violation of an Act that has not yet been implemented in either New York or Pennsylvania would violate the *Ex Post Facto* and Due Process Clauses of the Constitution; (2) Congress lacks the power, under the Commerce Clause, to force individuals convicted of purely local sex offenses to register as sex offenders; (3) SORNA impermissibly encroaches upon state power in violation of the Tenth Amendment; and (4) SORNA violates the doctrine (i.e., the "Non-Delegation Doctrine") that prohibits Congress from delegating its legislative authority to another branch of the government (i.e., the executive branch). (Dkt. No. 9, Part 2, at 7.) The Government opposes Cruz's motion.

## II.     RELEVANT STATUTORY LANGUAGE

SORNA provides as follows, in pertinent part:

**Registry requirements for sex offenders**

**(a) In general**

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of his residence.

**(b) Initial registration**

The sex offender shall initially register–

**(1)** before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

> **(2)** not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> **(c) Keeping the registration current**
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> **(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 [the date of the enactment of this Act] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for the other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(a)-(d).

On February 28, 2007, the Attorney General issued an interim rule effective February 28, 2007, which states, in pertinent part, as follows: "[T]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act." 28 C.F.R. § 72.3.

SORNA subjects the sex offender, who fails to register or keep his registration current, to fines or imprisonment, or both. Specifically, SORNA provides as follows, in pertinent:

> **Failure to register**
>
> **(a) In general.**–Whoever–
>
> **(1)** is required to register under the Sex Offender Registration and Notification Act;

5

      **(2) (A)** is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

      **(B)** travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

      **(3)** knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

### III.   ANALYSIS

Based on the above statutory language, the Court now analyzes Cruz's asserted grounds for dismissal.

    **A.**    **The *Ex Post Facto* and Due Process Clauses**

Cruz argues that SORNA is not applicable to him because the states of New York and Pennsylvania have not yet implemented the registration provisions of SORNA. Thus, Cruz argues, he was not required to comply with SORNA. The Court disagrees.

Cruz's argument has been offered by other sex offenders in various district courts across the country, and the majority of our sister courts have rejected the argument. In fact, three judges of this District (other than the undersigned) have rejected that argument.[1] It is clear that

---

[1] *See United States v. Lamere*, 08-CR-0475, 2008 WL 5244125 (N.D.N.Y. Dec. 15, 2008) (Sharpe, J.); *United States v. Besanson*, 08-CR-0329, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Curry*, 08-CR-0241, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Van Buren*, 08-CR-0198, 2008 WL 3414012 (N.D.N.Y. Aug. 8, 2008) (McAvoy, J.); *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869 (N.D.N.Y. June 13, 2008) (Scullin, J.); *United States v. Hester*, 07-CR-0376, 2008 WL 351677 (N.D.N.Y. Feb. 7, 2008) (Sharpe, J.).

SORNA became effective July 27, 2006.[2]  The Attorney General has adopted an interim regulation, effective on February 28, 2007, which provides that SORNA applies to sex offenders who were convicted, like Cruz, before the enactment of SORNA.  As District Judge Gary L. Sharpe, of this District, has previously observed, "the fact that states have not yet met their SORNA obligations is irrelevant to the obligations of a sex offender to comply with SORNA." *Lamere*, 2008 WL 5244125, at *2 (citing *Hester*, 2008 WL 351677, at *2); *see also Van Buren*, 2008 WL 3414012, at *6.

With respect to Cruz's argument that application of SORNA violates the *Ex Post Facto* Clause, the Court notes that this argument has also been rejected by the majority of our sister courts.  *See, e.g., Lamere*, 2008 WL 5244125, at *2; *Van Buren*, 2008 WL 3414012, at *7.  As Judge William Jay Riley, of the Eighth Circuit, has explained:

> If Congress intended SORNA to impose punishment for a pre-existing crime, the statute violates the ex post facto clause. . . .  [However,] Congress stated its purpose in establishing [SORNA] was to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators. . . .  SORNA's registration requirement demonstrates no congressional intent to punish sex offenders . . . .  SORNA does not punish an individual for previously being convicted of a sex crime . . . .  Thus, prosecuting [a sex offender] under § 2250 is not retrospective and does not violate the ex post facto clause.

*United States v. May*, 535 F.3d 912, 919-20 (8th Cir. 2008) [internal quotation marks and citations omitted].  This Court agrees with the view of the Eighth Circuit, as well as with the view of the majority of the district courts addressing the issue, that SORNA does not violate the *Ex Post Facto* Clause.  *Lamere*, 2008 WL 5244125, at *3; *Van Buren*, 2008 WL 3414012, at *7.

---

[2]  *Lamere*, 2008 WL 5244125, at *2; *Hester*, 2008 WL 351677, at *1.

With respect to his due process argument, the record indicates Cruz was on notice that he had to register and keep his registration current when moving.  Nothing in the record reflects otherwise.  Had Cruz complied with his registration obligations, he would have complied with SORNA.  As a result, there is no due process violation.  *Lamere*, 2008 WL 5244125, at *3 [citing *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869, at *3 (N.D.N.Y. June 13, 2008) (Scullin, J.)]; *Van Buren*, 2008 WL 3414012, at *7-8.

**B.     The Commerce Clause**

**1.     18 U.S.C. § 2250(a)**

Cruz argues that 18 U.S.C. § 2250 is invalid under the Commerce Clause because, on its face, the section does not fall into any of the prongs of activity that Congress may regulate under the clause.  Again, this Court disagrees.  *Lamere*, 2008 WL 5244125, at *3.

Congress's power to regulate commerce includes the power to regulate the following "three broad categories of activity": (1) "the use of channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relation to interstate commerce."  *United States v. Lopez*, 514 U.S. 549, 558-59 (1995) [citations omitted].  "SORNA . . . derives its authority from each prong of *Lopez*–and most specifically, the ability to regulate persons or things in interstate commerce and the use of the channels of interstate commerce."  *May*, 535 F.3d at 921 [internal quotation marks omitted]. As a result, "SORNA contains a sufficient nexus to interstate commerce." *Id*. at 922; *Lamere*,

2008 WL 5244125, at *3.[3]

### 2. 42 U.S.C. § 16913

The main thrust of Cruz's attack on the constitutionality of 42 U.S.C. § 16913 under the Commerce Clause is based on the following three decisions: *United States v. Waybright*, 561 F. Supp.2d 1154 (D. Mont. 2008); *United States v. Hall*, 577 F. Supp.2d 610 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Myers*, 08-CR-60064, 2008 WL 5156671 (S.D. Fla. Dec. 9, 2008); *see also United States v. Guzman*, 582 F. Supp.2d 305 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Powers*, 544 F. Supp.2d 1331 (M.D. Fla. 2008). (*See* Dkt. No. 9, Part 2, at 18-20.)

These cases constitute the minority view on the issue, and have been expressly rejected by several courts. *See*, *e.g.*, *United States v. Howell*, No. 08-2126, 2009 WL 66068, at *3-6, & n.3 (8th Cir. Jan. 13, 2009) (rejecting the five cases cited above); *Lamere*, 2008 WL 5244125, at *3 (rejecting *Hall*, 577 F. Supp.2d 610); *United States v. Pena*, 582 F. Supp.2d 851, 856 (W.D. Tex. 2008) (rejecting *Waybright*, 561 F. Supp.2d 1154, and *Powers*, 544 F. Supp.2d 1331). After carefully reviewing those decisions, this Court respectfully rejects them as well.

Accordingly, the Court follows the majority view and determines that § 16913 and § 2250(a) are interrelated components of SORNA as a whole, and that both sections must be read together, not in isolation. *Lamere*, 2008 WL 5244125, at *3. As a sister court recently observed:

> The federal duty [to comply with SORNA] does not operate in a vacuum. SORNA's requirement that all sex offenders register is unenforceable until a sex offender crosses state line, at which point the failure to abide by one's federal duty bears federal consequences.

---

[3] Furthermore, under *Lopez*, "[a] showing that a regulated activity substantially affects interstate commerce (as required for the third [prong] ) is not needed when Congress regulates activity in the first two [prongs].)." *United States v. Gil*, 297 F.3d 93, 100 (2d Cir. 2002) [citation omitted]; *Lamere*, 2008 WL 5244125, at *3.

> Together § 16913 and § 2250(a) are components of a symbiotic statutory scheme in which there is no criminal penalty unless there is a failure to register and, conversely, failure to register cannot be enforced without a criminal penalty. . . . Section 2250(a) lacks all meaning without reference to § 16913, and § 16913 lacks all effect without reference to § 2250(a).

*United States v. Crum*, 08-CR-0255, 2008 WL 4542408, at *9 (W.D. Wash. Oct. 8, 2008) [internal quotation marks and citation omitted]. As a result, this Court rejects Cruz's argument that 42 U.S.C. § 16913 is unconstitutional under the Commerce Clause. *Lamere*, 2008 WL 5244125, at *4.

Furthermore, 42 U.S.C. § 16913 finds support in the Necessary and Proper Clause. This Clause "empowers Congress to enact laws in effectuation of its enumerated powers that are not within its authority to enact in isolation." *Gonzales v. Raich*, 545 U.S. 1, 39 (2005). As District Judge Thomas J. McAvoy, of this District, has observed,

> [T]he purpose of SORNA is to provide a comprehensive national system registration of sex offenders–including a listing of the offender's current residences, and the sharing of such information in order to protect the public from these individuals. The registration and updating requirements of § 16913 are necessary to make § 2250(a)–a regulation of interstate commerce–effective.

*Van Buren*, 2008 WL 3414012, *14 [citation omitted]. As a result, 42 U.S.C. § 16913 does not exceed Congress's power under the Commerce Clause, and Cruz's motion on this ground is also denied. *Lamere*, 2008 WL 5244125, at *4.

    **C.**    **The Tenth Amendment**

Cruz basically argues that SORNA compels the states to aid the federal registration of sex offenders. This argument has been rejected rather consistently by the courts. *Id*. The flaw of the argument is that Cruz is not able to show that SORNA has compelled the states of New

York or Pennsylvania to make any changes in their state sex offenders registries. *Id*. (citing *Hall,* 2008 WL 4307196 at *5). As a result, Cruz's argument under the Tenth Amendment is without merit, and his motion on this ground is denied. *Id*.

### D. The Non-Delegation Doctrine

Cruz argues that a violation of the non-delegation doctrine of the Constitution occurred when SORNA, under 42 U.S.C. § 16913, delegated to the United States Attorney General the authority to apply and promulgate rules, i.e., legislate, under SORNA. This argument has also been rejected rather consistently by the courts. *Id*. For example, as explained by District Judge Donald W. Molloy, of the District of Montana, "[t]he non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority." *United States v. Waybright*, 561 F. Supp.2d 1154, 1170-71 (D. Mont. 2008) (citing *Mistretta v. United States*, 488 U.S. 361 372-73 [1989]). Section 16913 authorizes the Attorney General to promulgate regulations only in limited circumstances. As a result, delegation does not offend the non-delegation doctrine, and Cruz's motion on this ground is denied. *Lamere,* 2008 WL 5244125, at *4 (citing *United States v. Senogles*, 570 F. Supp.2d 1134, 1150-51 (D. Minn. 2008) and *Mistretta*, 488 U.S. at 372).

### E. Government's Cross-Motion for Reciprocal Discovery

Pursuant to Rule 16(b)(1), the United States respectfully moves this Court for an order directing the defendant to:

(A) Permit the United States to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within

>    the possession, custody, or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial;
>
>    (B) Permit the United States to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony; and
>
>    (C) Order the defendant to disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial.  This summary must describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications.

(Dkt. No. 11, Part 1, at 25.)

During the nearly three weeks since the Government filed its cross-motion, Defendant has not submitted papers in response to that cross-motion.  The Court imagines this failure may be caused by simple oversight (e.g., due to the fact that the grounds for the Government's cross-motion appear in one page at the end of its twenty-five-page memorandum of law, and the fact that no response deadline for the motion was posted on the docket sheet in this action), or it may be caused by mootness (if the requested discovery has already been provided to the Government).  As a result, the Court is not prepared to decide the Government's cross-motion without first affording Defendant with a further opportunity to brief the Court on the Government's cross-motion.  For this reason, the Court reserves decision on the Government's

cross-motion, and directs Defendant to file papers in response to the Government's cross motion.

**ACCORDINGLY**, for the foregoing reasons, it is

**ORDERED** that Cruz's motion to dismiss the indictment (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that, on or before **OCTOBER 30, 2009**, Defendant is directed to file papers in response to the Government's cross motion for reciprocal discovery (Dkt. No. 11).

Dated: October 15, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge